## HILL v. CITY OF MEMPHIS.[1]

*(Circuit Court, E. D. Missouri. April 27, 1885.)*

1. MUNICIPAL BONDS—LOANS OF CREDIT BY MISSOURI TOWNS—SPECIAL ELECTIONS —ACT OF MARCH 21, 1868.

Where, in a suit upon bonds issued by the town of Memphis, Missouri, in payment of a stock subscription in the N. M. R. R. Co., a record of a special election had under the act of March 21, 1868, to authorize the defendant to issue said bonds, was introduced in evidence, and it appeared therefrom that the election was only ordered 12 days before it took place, *held*, that the record showed upon its face that the election was illegal, and the issue of bonds unauthorized.

2. CONSTITUTIONAL LAW — BONDS—ACT OF MARCH 24, 1868, TO ENABLE TOWNS, ETC., TO FUND THEIR DEBTS.

If the act of March 24, 1868, by the general assembly of Missouri, entitled "An act to enable counties, cities, and incorporated towns to fund their respective debts," contemplated a right in towns to subscribe stock thereafter and issue bonds, or to issue bonds for subscriptions under old charters, without any special election authorizing the issuing of such bonds, it is contrary to section 14, art. 11, of the Missouri constitution of 1865, and invalid.

At Law. Motion for a new trial and motion for rehearing.

The record of election offered in evidence in this case shows upon its face that on January 26, 1871, the special election in question was ordered for February 7, 1871, and was held on that day, only 12 days after the order was made.

Section 4 of article 2 of the Missouri constitution of 1865 provides that after the enactment of registration laws "no person shall vote unless his name shall have been registered at least ten days before the day of election." The act of March 21, 1868, concerning the "Registration of Voters" provides (section 18) that "the clerk of the county court shall, 20 days before any special election, * * * cause to be delivered to the board of registration, or any member thereof, the books of registration, who shall immediately proceed to register qualified voters." Section 2 of the same act provides that notice shall be given in each district 10 days before the first session of the board of registration. Section 14, art. 11, of the Missouri constitution of 1865, declares that "the general assembly shall not authorize any

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

county or town to become a stockholder in, or to loan its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent thereto.

The act of March 24, 1868, referred to in the opinion of the court is entitled "An act to enable counties, cities, and incorporated towns to fund their respective debts;" and provides "that the various counties of this state be, and they are hereby, authorized to fund any and all debts they may owe, and for that purpose may issue bonds bearing interest at not more than ten per centum per annum, payable semi-annually, with interest coupons attached; and all counties, cities, or towns in this state, which have or shall hereafter subscribe for the capital stock of any railroad company, may, in payment of such subscription, issue bonds bearing interest at not more than ten per centum per annum, payable semi-annually, with interest coupons attached."

The charter of the N. M. R. R. Co. referred to in the opinion of the court (Laws Mo. 1851, p. 483) specifically gave *counties* power (1) to subscribe stock; (2) to issue bonds to raise funds to pay such subscription; (3) to take proper steps to protect the credit of such county and in the same section merely authorized *towns* to "subscribe to the stock and appoint an agent to represent its interests."

Judgment having been given for the plaintiff, the defendant moved for a new trial, and the first of the following opinions was delivered thereon April 13, 1885.

*Hough, Overall & Judson, F. T. Hughes,* and *A. J. Baker,* for plaintiff.

*Henry A. Cunningham,* for defendant.

TREAT, J.  Under the decision heretofore rendered in this case, the city of Memphis had no authority to issue bonds for a subscription to the railroad unless authorized so to do at an election held therefor. During the trial the record of the alleged election, whereby the bonds would be validated, was offered in evidence, under objections by the defendant.  Without passing on each of the various points for a new trial, it must suffice that the record of the election on its face shows non-conformity with the positive requirements of the statutes. Hence the court was in error in its rulings with respect to said record.  The motion for new trial will therefore be granted, without considering the other points involved, inasmuch as the effect of said record must be conclusive in this suit as to the rights of the parties.

In order that the parties litigant may not be involved in further expense and costs, it may be well to state that the record of the election on its face shows that there was no authority for the issue of the bonds sued on.  The parties, if they so elect, can submit the case on the evidence heretofore offered, and thereupon judgment would necessarily be given for the defendant.  The matters of estoppel heretofore presented would not prevail in the absence of authority for the issue of the bonds.

A motion for a rehearing having been made by the plaintiff, and the matter reargued, the following opinion was delivered April 27, 1885:

TREAT, J. When this case was before the court at a former term, it was held by Judge McCRARY that the authority of the defendant to subscribe stock under the railroad charters did not carry the right to issue bonds in payment thereof; hence, as that power must be derived from some other source, there being no estoppels by the recitals in the bonds, the plaintiff must produce evidence of such authority. The record of a special election had under the act of March 21, 1868, was produced, whereupon it was held, on the motion for new trial, that the same was void on its face; consequently, as no authority for the issue of the bonds existed, the bonds themselves were therefore void. On the reargument the attention of the court has been directed to the act of March 24, 1868; the other act referred to bearing date March 21, 1868. Under the constitution of 1865 registration of voters was exacted for either general or special elections, under such provisions as the legislature might prescribe with respect thereto. Legislation describing the details will be found in said act of March 21, 1868, conformity with which was not had. By the terms of the constitution, no county, city, or town, could become stockholders, *or loan its credit*, to any corporation, unless two-thirds of the qualified voters at a regular or special election should assent thereto. Although, under the rulings of the supreme court of Missouri, the right of defendant to subscribe to the stock of the corporations named existed, yet there was no right to issue bonds or loan its credit in payment of such subscription, except by complying with said constitutional provision. Hence, if the act of March 24, 1868, contemplated a right to subscribe thereafter, and issue bonds, or to issue bonds for subscriptions under old charters, irrespective of the needed vote, the same would be invalid. In this case it fully appears that no authority to issue bonds was had under a valid election. The views of the court heretofore expressed are still adhered to, despite said act of March 24, 1868.

Motion overruled.